485 A.2d 68

**Terri Ann FRIEDENBERGER**

v.

**Frank Samuel FRIEDENBERGER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1984.

Filed Nov. 30, 1984.

Phillip D. Johns, Altoona, for appellant.

Gregory S. Olsavick, Altoona, for appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Blair County enforcing the custody decree of the District Court of Hennepin County, Minnesota. We affirm.

Appellant, Frank Samuel Friedenberger, Jr., and appellee, Terri Ann Friedenberger, were married on October 28, 1979, in Blair County, Pennsylvania. Their daughter, Angela, the subject of the instant custody dispute, was born on December 15, 1979. The three of them moved to Minnesota on January 4, 1981, and established residence there. Appellant moved back to Pennsylvania in July, 1982. Appellee still resides in Minnesota.

Appellee commenced an action for dissolution of marriage and a custody proceeding on September 27, 1982, in Hennepin County, Minnesota. On October 30, 1982, appellant forcibly and unilaterally removed Angela from her preschool class and brought her to Pennsylvania. Appellee immediately sought and received a temporary custody order in Minnesota. Appellant did not comply but instead filed a separate custody action in Blair County, Pennsylvania, on November 15, 1982.

Meanwhile, appellee proceeded with her Minnesota custody action. A hearing was held on December 6, 1982. The Minnesota court found that although appellant did not appear personally or through counsel, he had been properly served. Prior to making its findings of fact, the Minnesota court took the matter under advisement in order to communicate with the Pennsylvania court as to the issue of jurisdiction. The Minnesota court found, *inter alia*, Minnesota is the "home state" of the child within the meaning of the Uniform Child Custody Jurisdiction Act and it was the proper forum to determine custody. Thereupon the Minnesota court found appellee "a fit and proper person for the care, custody, and control" of Angela and ordered appellant to give over temporary physical custody of the child to appellee.

Appellee then filed a petition in Blair County, Pennsylvania, to enforce this order. This petition for enforcement was granted and appellant now appeals to this court. Appellant's sole argument rests on his contention that the Blair County Court erred in enforcing the Minnesota order prior to holding a hearing on the merits of appellant's

allegations that Angela would be subjected to physically and emotionally harmful conditions if she were returned to Minnesota.

Appellant bottoms this argument on *Commonwealth ex rel. Zaubi v. Zaubi*, 492 Pa. 183, 423 A.2d 333 (1980) and on 42 Pa.C.S.A. § 5349 which states:

### § 5349. Jurisdiction declined by reason of conduct

**(a) General rule.**—If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in conduct intending to benefit his position in a custody hearing, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

**(b) Restriction on modification of foreign decree.** —Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction *unless the petitioner can show that conditions in the custodial household are physically or emotionally harmful to the child, the burden of proof being on the petitioner requesting the court to take jurisdiction.* (Emphasis added)

Appellant contends that he is entitled to a hearing in Pennsylvania to establish harmful physical or emotional conditions in the custodial household. We disagree.

In the case before us, there is no basis for Pennsylvania to assume jurisdiction. Appellant "snatched" his child and brought her to Pennsylvania just 15 days prior to commencing a custody action. Appellant was aware custody proceedings were already underway in the child's home state of Minnesota. He does not argue that Minnesota was an improper forum. Rather, he would attempt to relitigate the entire custody question in a forum of his choosing.

The express purposes of the Uniform Child Custody Jurisdiction Act would be violated if we were to adopt appellant's argument. These are to assure litigation takes place in the proper forum; to deter abductions undertaken to obtain custody awards; and to avoid relitigation of the custody decisions of other states. 42 Pa.C.S.A. § 5342(a)(3), (5) and (6).

Given the very close time frame of all the legal actions in both Minnesota and Pennsylvania, it is clear appellant is not alleging *changed* circumstances but rather attempting to introduce evidence *on the very same issues* which were before the Minnesota court. We are not persuaded that appellant is entitled to a hearing because he would now introduce evidence not before the Minnesota court. If the evidence was not before that court, the only reason is because appellant refused to submit to that court's jurisdiction.

Order affirmed.