514 A.2d 182

**Robert R. BEESE and Mary Ann Beese, His Wife, Appellants,**

v.

**Bernard CALEHUFF.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Aug. 27, 1986.

---

David W. McNulty, Springfield, for appellants.

Thomas H. Tropp, Media, for appellee.

Before CIRILLO, President Judge, and WICKERSHAM and KELLY, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Delaware County. We are called upon to determine whether the hearing court erred in declining to exercise jurisdiction over a child custody dispute.

Appellant Mary Ann Beese married appellee Bernard Calehuff in Delaware in 1970. Subsequently, the couple moved to Florida, where Mary Ann gave birth to Gregory Calehuff in 1976. The couple divorced in Florida in 1981. The court which entered the divorce decree found Gregory to be a child "born of this marriage," and forbade either party from removing Gregory from Florida without the

permission of the other party or the court. The couple was nominally granted joint custody, but Mary Ann had primary physical custody, while appellee had liberal visitation rights. Appellant Mary Ann Beese tried to modify the restriction on Gregory's removal from Florida in 1984, but the requested relief was denied.

Nonetheless, appellant Mary Ann Beese, without the permission of appellee or the Florida court, brought Gregory to Pennsylvania in 1985. The two moved in with appellant Robert Beese, whom Mary Ann married the year after her divorce from appellee. One day after their arrival, appellants filed a petition in Delaware County Common Pleas Court seeking custody of Gregory. Their position as set forth in that petition is that appellant Robert Beese is actually the biological father of Gregory. In this connection, they assert that appellant Mary Ann Beese had no sexual contact with her then husband, appellee, at the time of Gregory's conception, but was having sexual intercourse with appellant Robert Beese at that time. They also point to blood tests, unavailable at the time of the Florida court proceedings, which indicate a 94 percent likelihood that Robert Beese is Gregory's father. They further assert that between the time of their marriage and the filing of the petition, Robert was forced to visit Mary Ann and Gregory by flying to Florida on weekends and holidays. In conclusion they justified Gregory's removal from Florida on the premise that appellee was himself going to remove Gregory from Florida if given the opportunity, and also that in any event the restriction imposed by the Florida court was unconstitutional. These contentions are not pursued on appeal.

Appellee responded to the petition by filing preliminary objections challenging Pennsylvania's jurisdiction over the matter. The hearing court sustained the preliminary objections, concluding that pursuant to the Uniform Child Custody Jurisdiction Act, 42 Pa.C.S. § 5341 et seq. (hereafter UCCJA), it could not properly assume jurisdiction over the matter. Specifically, the court pointed to Section 5349 of

the UCCJA, which dictates that a Pennsylvania court may decline to exercise jurisdiction if a party has violated a custody order from another state. The hearing court characterized appellant Mary Ann Beese's removal of Gregory from Florida as precisely the type of wrongdoing contemplated by the UCCJA. Appellants now assert that 1) the UCCJA does not forbid Pennsylvania courts from exercising jurisdiction in this instance; and 2) the hearing court erred in not taking new evidence in conjunction with the preliminary objections because certain factual issues are in dispute.

In arguing that jurisdiction properly lies in Pennsylvania, appellants stress that Robert Beese is a lifelong resident of this Commonwealth, and that since starting school here Gregory has fit in well and taken up a host of wide-ranging extracurricular activities. Appellants' position skirts the real issue, which is whether a violation of the home state's [1] custody order should preclude Pennsylvania jurisdiction over the matter.

We conclude, as the hearing court did, that appellant Mary Ann Beese's removal of Gregory from Florida without the permission of appellee or the Florida court precludes her and her current husband from litigating custody in this Commonwealth. Perhaps the blood tests and other factors cited by appellants can serve as a basis for re-opening the matter in Florida. However, it is not within our province to qualitatively weigh appellants' conduct. There is absolutely no question that Mary Ann Beese knowingly violated an express and specific restriction imposed by the Florida court. It is this simple uncontradicted fact which justifies the hearing court's decision to decline jurisdiction. Of course, Section 5349 of the UCCJA does provide that violation of a home state custody order will not preclude jurisdiction if the petitioner demonstrates that the custodial household is detrimental to the well being of the child. However,

1. As defined at 42 Pa.C.S. § 5343, the "home state" is that state in which the child lived with his parents for the six consecutive months immediately preceding the time involved. It is not disputed that Florida is Gregory's home state.

in this instance it is the parent with principal custody of the child who removed him from the home state. Certainly there is nothing before us to demonstrate that the visits with appellee were detrimental to Gregory's best interests. We thus find the exception in Section 5349 inapplicable entirely.

In *Friedenberger v. Friedenberger*, 335 Pa.Super. 622, 485 A.2d 68 (1984), a father unilaterally removed his daughter from her home state even though he was aware of custody proceedings which were underway there. The mother immediately obtained a temporary custody order in the home state, but the father disregarded it and commenced a separate custody proceeding in Pennsylvania in the hope of obtaining a more favorable decision. We refused to allow Pennsylvania to assume jurisdiction because it would defeat the purpose of the UCCJA if a parent could simply remove a child from the home state and start litigation anew in a second state. The UCCJA was created to assure litigation in the proper forum, avoid abductions undertaken to obtain favorable custody awards, and avoid relitigation of matters already decided in other states. The facts in *Friedenberger* are distinguishable from those in the matter before us, since, as noted *supra,* it is the parent who was granted primary custody in this case who removed the child from his home state. We also do not know whether this matter was initiated in Pennsylvania as a matter of convenience or because appellants see little hope for success in the Florida court. Nonetheless, the petitioning parent's clear violation of a custody order of the home state was dispositive in *Friedenberger,* as it is here. We can find no basis upon which to allow the courts of this Commonwealth to interfere with a matter in which the home state has already assumed jurisdiction.

Insofar as we agree with the hearing court that jurisdiction does not lie in Pennsylvania, it is unnecessary to consider whether the court erred in failing to take new evidence in conjunction with appellee's preliminary objections; the facts upon which the court relied are not those

142

which appellants claim are still disputed. The order appealed from is affirmed.

AFFIRMED.